UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FINANCIAL INFORMATION
TECHNOLOGIES, LLC,

     Plaintiff,                             Case No.:  8:17-cv-00190-T-23MAP

vs.

ICONTROL SYSTEMS, USA, LLC,

     Defendant.

_____/

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
## WEBSITE SCRAPING AND MEMORANDUM OF LAW IN SUPPORT

Defendant, iControl Systems, USA, LLC ("iControl") moves in accordance with Federal Rules of Evidence 104, 402, 403, 702 and Local Rule 3.01(g), for an order in limine to exclude Fintech Information Technologies, LLC ("Fintech") from presenting any evidence of website scraping.

### THE ALLEGATIONS OF THE COMPLAINT

Fintech alleges that iControl developed specific products similar to Fintech's products in the 2015-2016 time-frame by utilizing information Mark Lopez ("Lopez") allegedly misappropriated from Fintech.  (Doc. No. 1, Compl. ¶¶ 27- 37).  Fintech alleges that Lopez *must have* provided confidential information to iControl based on a circumstantial theory that iControl could not have otherwise developed its products "in such an extremely short period of time." (Compl. ¶ 33). The Complaint identifies specific iControl items it claims are "virtually identical" to Fintech's product that were released between January and July 2016.  (Compl. ¶ 34).

Based on Fintech's Statement of the Case in the Joint Pretrial Statement, Fintech contends that "[n]ot only did Lopez misappropriate Fintech's trade secrets, he also paid a

computer programmer overseas to write a software program to 'scrape' Fintech's extensive customer list from its website and output the data into an easy-to-read format that iControl could use."  Fintech's expert, Ivan Zatkovich ("Zatkovich"), also testified at his deposition that Lopez improperly "scraped" Fintech's Website for the purpose of obtaining Fintech's customer list. However, Fintech's Complaint does not allege any claim premised on the scraping of its website. In addition, the Court held in the summary judgment Order (doc. 121) that iControl is entitled to summary judgment as to Fintech's claim that iControl misappropriated Fintech's customer list. Accordingly, such evidence is unrelated to any issue in the case and should be excluded.

## LEGAL STANDARD

Evidence which is not relevant is not admissible.  Fed. R. Evid. 402.  Relevant evidence tends to make a fact more or less probable and is of consequence in deciding the action.  Fed. R. Evid. 401.  Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 401. "Testimony which does not relate to any issue in the case is not relevant."  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).  To be relevant, the proffered testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."  *Id.*, *quoting*, *U.S. v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985).  Fintech bears the burden of demonstrating that evidence presented is relevant and logically advances a material aspect of the case.  If the evidence will not assist the jury, it is not relevant, and should not be admitted.

Based on Fintech's pretrial statement of the case, Fintech intends to present testimony as to matters that are not related to claims alleged in the Complaint.  There are no allegations in the

2

Complaint that refer to scraping Fintech's website for client information. Thus, the scraping is a matter wholly outside the pleadings. Yet, Fintech intends to present testimony that Lopez contracted with an offshore programmer to screen scrape Fintech's Website to provide a complete list of Fintech's Customers. (Zatkovich Report § 4.3). While Lopez admitted that he was involved in scraping information from Fintech's website, Fintech acknowledges that the information was taken from Fintech's publicly available website. Lopez outsourced the job to an overseas programmer. (Lopez Depo. p. 167).

Q      And were you involved in scraping this information from Fintech's website?

A      Yes.

Q      Was anybody else involved?

A      Programmer overseas.

Q      Who was that?

A      I don't know his name.· I just outsourced the job.

(Lopez Depo p. 167). Lopez testified that it's "cheaper to do something so simple, you know, overseas." (Lopez Depo. p. 167). He instructed the programmer to go to Fintech's public website and "pull down the customer list." (Lopez Depo. p. 170). He had no reason to dispute the fact that it was done between May 7 of 2015 and May 11 of 2015. (Lopez Depo. p. 167).

Lopez also testified that "Bill [Harris] was doing it manually off the website," to "have a list of Fintech's competitors." (Lopez Depo. p. 167). Lopez also testified that it would not violate any terms of use on Fintech's website, because "there was no terms of use on the website." (Lopez Depo. p. 167).

Even if the scraping from a public website could be actionable misappropriation, Fintech has not made any such allegation in this case. Fintech has admitted that the customer list was on

3

its publicly available website.  Consequently, that evidence is irrelevant, inadmissible and it is likely to confuse the jury, waste time and result in unfair prejudice to iControl.

## CONCLUSION

Based on the foregoing, this Court should grant this Motion in Limine and enter an order precluding Fintech from eliciting or presenting any evidence, testimony or otherwise mentioning the scraping of Fintech's website by Lopez or iControl.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned certified that counsel for the parties engaged in good faith communications via email in advance of pretrial in an attempt to resolve the issues presented in this Motion.  Despite the good faith communications, the parties were unable to resolve their conflicting positions.

/s/ Jonathan B. Sbar
Robert L. Rocke, Esq. (FBN 710342)
Email:  rrocke@rmslegal.com
Jonathan B. Sbar, Esq. (FBN 131016)
Email:  jsbar@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, Florida  33629
Phone:  813-769-5600
Fax:     813-769-5601
Attorneys for Defendant

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via electronic mail, on the 27th day of June, 2018, to the following:

Richard C. McCrea, Jr., Esq. (FBN 351539)
Catherine H. Molloy, Esq. (FBN 33500)
Greenberg Traurig, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL  33602
Phone:  813-318-5700
Fax:     813-318-5900
Email:  mccrear@gtlaw.com
Email:  molloyk@gtlaw.com
Attorneys for Plaintiff

/s/ Jonathan B. Sbar
Attorney

5